# HARRY B. SAYLOR *v.* THE HAWAIIAN STAR NEWS-PAPER ASSOCIATION, LIMITED.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 19, 1899.    DECIDED FEBRUARY 18, 1899.

JUDD, C.J., WHITING, J., AND L. A. DICKEY, ESQ., OF THE BAR,
IN PLACE OF FREAR, J., ABSENT.

In an action for libel, plaintiff, on the stand as a witness, was asked, "Now, Mr. Saylor, will you tell me altogether for how long after the publication of this article in the paper, had the matter been spoken of to you or called to your attention, and you confronted with it?" No objection was made to the question. The answer was, "It has been called to my attention very often since. Often people ask me if the case has come off yet." Defendant's counsel then objected to evidence of damage following after the time of the entering of this suit, which objection was overruled. Defendant did not ask that the evidence be stricken out. Neither question nor answer being definitely directed to the time after this suit had begun, there was held to be no error.

### OPINION OF THE COURT BY JUDD, C.J.

The Hawaiian Star, a newspaper published in Honolulu, contained in its issue of Monday, April 4, 1898, under the heading "Court Notes," the following item regarding the plaintiff: "Harry Saylor, a haole, is in jail, charged with stealing a wooden calabash. His case will come up for trial this week." In the issue of the same paper of Wednesday, the 6th April, the manager of the paper, on his attention being called to the item, caused the following to be published: "A correction. Among

the Court Notes which appeared in the Star on last Monday, an item stated that Harry Saylor was in jail, charged with stealing a calabash. This was a mistake. The facts are these. Mr. Saylor was served with a penal summons to answer to a charge of embezzlement; when the case was called yesterday, it was dismissed by the prosecution."

Counsel were instructed by plaintiff on Tuesday the fifth April, to bring an action for libel, and it was brought on the 6th April, before the correction appeared in the Star but after an interview between the manager of defendant and the plaintiff in which the publication was regretted and a correction in the same paper promised.

The facts were as given in the "correction;" and the libellous publication was shown to be a sheer mistake of the reporter of the newspaper and without malice. No argument is made that the words of the publication are not actionable per se. Defendant's demurrer on this point was overruled by the trial court and not excepted to. It is therefore the law of the case that the publication was actionable. No special damage was alleged.

At the trial the plaintiff on the stand as a witness was asked by his counsel, "Now, Mr. Saylor, will you tell me altogether for how long after the publication of this article in the paper had the matter been spoken of to you or called to your attention and you confronted with it?" No objection was made to the question. Plaintiff answered, "It has been called to my attention very often since. Often people asked me if the case has come off yet."

Defendant's counsel objected to evidence of damage following after the time of the entering of this suit. The objection was overruled and excepted to, and this is the main point of exception in this Court. It is to be noticed that counsel for defendant did not move to have the testimony stricken out and the trial court was not asked to rule that the question answered was evidence of damage to the plaintiff accruing *after the entering of the suit*. The question was as to damage *after the*

*publication* and though this might include as well damage after the suit was begun, it was not definite enough to have the Court's overruling the objection reversible error.

We wish to remark that the verdict for $500 damages seems large to us, considering the prompt correction made and the fact that the obnoxious item was a pure mistake of fact, but the amount was clearly within the province of the jury and it is not reversible according to the rules of law governing verdicts alleged to be excessive.

Exceptions overruled.

*C. Creighton* and *W. A. Henshall* for plaintiff.
*Kinney, Ballou & McClanahan* for defendant.